## NON-DISPARAGEMENT AGREEMENT
## AND GENERAL RELEASE OF CLAIMS

**THIS NON-DISPARAGEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS** (this "Agreement") is made and entered into by **HAROLD MEJIA** ("Mejia"), **BLUE BELL LANDSCAPING, INC.** ("Blue Bell") and **CHRISTINE BLACK** ("Black").

### Purpose of Agreement

It is understood that this Agreement is being entered into separate and apart from any agreement addressed to Mejia's wage and hour claims, including any claims under the Fair Labor Standards Act (FLSA), and that the purpose of this Agreement is to fully settle and resolve with independent consideration Mejia's claim asserted against Blue Bell and Black under 448.205, Florida Statutes (the "440.205 Claim"), as well any and all other non-wage and hour claims and disputes between the parties that are not otherwise settled and resolved in the Settlement Agreement entered into in connection with Mejia's wage and hour/FLSA claims, including, but not limited to, any claims which were or could have been asserted in the lawsuit captioned *Harold Mejia v. Blue Bell Landscaping, Inc., and Christine Black*, Case No. 6:15-cv-225-ORL-22-KRS (the "Lawsuit").

### Terms

In consideration of the premises and mutual promises contained herein, it is agreed as follows:

1.      This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing.  Mejia, Blue Bell and Black have entered into this Agreement for the sole purpose of resolving Mejia's 440.205 Claim and other claims or disputes between or

1

among Mejia and Blue Bell and/or Black, and to avoid the burden, expense, delay and uncertainties of current or potentially future litigation.

2.      In consideration of this Agreement, Blue Bell and Black shall pay the total sum of FIVE HUNDRED DOLLARS ($500.00) to Mejia, made payable by check to Mejia, in full and final settlement of any claims not otherwise included in or captured by the FLSA Settlement Agreement.  An IRS Form W-2 will be issued to Mejia by Blue Bell in connection with this payment, a W-4 to be supplied by Mejia's attorney prior to such payment.  Neither Blue Bell nor Black make any representations or warranties regarding the tax requirements, implications or treatment of this payment.  Such payment will be made within fourteen (14) days of the execution of this Agreement by the parties hereto, subject to paragraph 13 below.

3.      In consideration of the understandings in this Agreement, Mejia hereby releases Blue Bell and Black, and, as applicable to each, their respective predecessors and successors in interest, assignees, insurers, parent corporations, affiliates, divisions, related companies and entities, and their past, present and future shareholders, trustees, officers, directors, members, managers, employees, agents, attorneys and representatives, from the 440.205 Claim and each and every other right, claim, debt and cause of action whatsoever, known and unknown, foreseen and unforeseen, which Mejia has or may have upon or by reason of any matter, cause or thing, whether arising out of or relating to his employment with Blue Bell and/or any relationship with Black, or the termination thereof, or otherwise, from the beginning of the world to the date of this Agreement.  This general release includes, but is not limited to, any and all claims by Mejia against Blue Bell and/or Black, individually or collectively, including, without limitation:  claims of discrimination, harassment, or retaliation of any kind, wrongful or constructive discharge, any right to reinstatement or rehire, breach of contract, fraud, defamation or any other tort claims,

2

and any claims under the Civil Rights Act of 1866, 1964 (Title VII) and 1991, the Employee Retirement Income Security Act of 1974, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Americans with Disabilities Amendments Act, the Family and Medical Leave Act, the Florida Private Sector Whistleblower Act of 1991, the Florida Civil Rights Act of 1992, all amendments to such laws, and any other state, federal or local statute, law or ordinance, and any other common law claims.

4.     In further consideration of the understandings in this Agreement, Mejia specifically waives any right to reinstatement or rehire by any business owned or operated by Blue Bell, Black or any related entity.  Should Mejia apply for employment with any business owned or operated by Blue Bell, Black or any related entity, Mejia will be denied employment or other remunerative relationship without Blue Bell or Black incurring liability.  Accordingly, Mejia hereby waives any and all such rights and releases any and all claims he may have to challenge any such action as constituting unlawful retaliation or violation of law.

5.     In further consideration of the understandings in this Agreement, Mejia also agrees not to make, or cause any others to make, any disparaging or negative remarks to any third party (including, but not limited to, in any posting and/or other communication in any e-mail, social media or internet forum (*e.g.*, Craigslist, Facebook, Twitter, Instagram, etc.)) regarding Black or Blue Bell, and, as applicable, their respective services, products, operations, parents, subsidiaries, affiliated companies, owners, officers, directors, or past or present employees.  Mejia further agrees that he will not take any action, or cause others to take any action, intended, or which may reasonably be expected, directly or indirectly, to impair the goodwill, business reputation or good name of Black or Blue Bell, or any of Blue Bell's parents, subsidiaries, affiliated companies, owners, officers, directors or past or present employees.

Black and Blue Bell agree that Black and management of Blue Bell will not make any disparaging or negative remarks to any third party regarding Mejia

6.      In consideration of the understandings in this Agreement and the promises made by Mejia herein, Blue Bell and Black hereby releases Mejia from each and every right, claim, debt and cause of action whatsoever, in law or in equity, known and unknown, foreseen and unforeseen, which either Blue Bell or Black have or may have against Mejia, by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date this Agreement is signed.

7.      Concurrent with the execution of this Agreement, the parties, through their respective attorneys, agree to execute the attached stipulation of dismissal with prejudice with respect to Mejia's Section 440.205 Claim in the Lawsuit; Mejia's wage and hour claims are separately and independently addressed in the Settlement Agreement that is subject to court review and approval pursuant to a joint motion the parties intend to file with the court.  Mejia's attorney shall promptly file the attached stipulation upon receipt of the payment made pursuant to Section 2 above.

8.      This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida. In the event of any dispute concerning this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party its attorneys' fees and costs.

9.      This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a signed original.  However, such counterparts shall together constitute one and the same document. A signed copy of the Agreement, sent by facsimile or email, shall have the same force and effect as an original document.

4

10.     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter of this Agreement

11.     The parties understand and agree that this Agreement is the complete agreement of and between the parties with respect to the matters addressed herein, separate and apart from the Settlement Agreement entered into in connection with Mejia's FLSA claims and related state law claims under Chapter 448, Florida Statutes.

12.     In signing this Agreement, all parties expressly warrant that they have read and fully understand it.  All parties acknowledge that they have been advised to and have had a reasonable opportunity to review this Agreement with legal counsel.  All parties acknowledge that this Agreement is voluntary and no one is making or forcing either party to enter into it, and that the commitments, obligations, promises and general release provided herein are supported by sufficient independent consideration.

13.     Mejia is also advised that he may take up to 21 days to consider this Agreement before signing it and that he may revoke this Agreement within seven days of signing it. To be effective, any such revocation must be delivered to: Louis D. Wilson, Esq., FordHarrison LLP, 1901 S. Harbor City Boulevard, Suite 501, Melbourne, Florida, 32901, within the 7-day revocation period. Mejia understands that he will not be entitled to the payment as set forth in paragraph 2 of this Agreement if he revokes this Agreement within that time.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year written below.

Signed: July 10th , 2015                           _____
                                                    HAROLD MEJIA

STATE OF FLORIDA    {  }
COUNTY OF Brevard   {  }

The foregoing instrument was acknowledged before me, this 10th day of July , 2015, by HAROLD MEJIA, who [  ] is personally known to me or [X] has produced Alien ID. 110060 382637 as identification.

CASSIE MOORE
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE060546
Expires 12/26/2016

_____
Notary Public
My Commission Expires:

6

Jul.10.2015  08:46 AM                                    3056642093                      PAGE.  2/  3
From:Blue Bell Landscaping Inc.        321 453 3120        07/09/2015 14:34        #449 P.003/003

**BLUE BELL LANDSCAPING, INC.**

Dated: _7-10-205_ , 2015

By: _____

Print Name: _PETER  BLACK_

Title: _President_

Dated _July 10_ , 2015

_Christine Black_

**CHRISTINE BLACK**

7

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HAROLD MEJIA,**

     **Plaintiff,**

**v.**                                        **CASE NO. 6:15-cv-225-orl-22KRS**

**BLUE BELL LANDSCAPING, INC.,**
**and CHRISTINE BLACK,**

     **Defendants.**

_____/

## STIPULATION OF PARTIAL DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Plaintiff, HAROLD MEJIA, and the Defendants, BLUE BELL LANDSCAPING, INC., AND CHRISTINE BLACK, hereby stipulate to the dismissal of Count V of the Complaint (**Doc. No. 2**) asserted under §440.205, Florida Statutes; each party to bear its own attorney's fees, costs and expenses with respect to Count V.

| | |
|---|---|
| _____ | _____ |
| Brody M. Shulman, Esq. | Andrew S. Hament, Esq. |
| Florida Bar No. 092044 | Florida Bar No. 325279 |
| E-mail: bshulman@rgpattorneys.com | E-mail: ahament@fordharrison.com |
| **Remer & Georges-Pierre, PLLC** | Louis D. Wilson |
| 44 West Flagler Street | Florida Bar No. 0062257 |
| Suite 2200 | E-mail: ldwilson@fordharrison.com |
| Miami, FL 33130 | FORD & HARRISON LLP |
| Tel: 305-416-5000 | 1901 South Harbor City Boulevard |
| Fax: 305-416-5005 | Suite #501 |
| | Melbourne, FL 32901 |
| Attorney for Plaintiff | Tel: (321) 724-5970 |
| | Fax: (321) 541-1468 |
| | |
| | Attorneys for Defendants |