**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HAROLD MEJIA,**

       **Plaintiff,**

v.                                                    Case No:   6:15-cv-225-Orl-22KRS

**BLUE BELL LANDSCAPING, INC. and**
**CHRISTINE BLACK,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION TO REVIEW AND APPROVE THE PARTIES' PROPOSED SETTLEMENT AND THEREAFTER ENTER DISMISSAL WITH PREJUDICE (Doc. No. 28)** |
| **FILED:** | **August 17, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.   PROCEDURAL HISTORY.**

On January 20, 2015, Plaintiff Harold Mejia ("Mejia"), on behalf of himself and others similarly situated, filed a complaint against Defendants Blue Bell Landscaping, Inc. ("Blue Bell") and Christine Black ("Black").  Doc. No. 2.  Mejia asserted claims for (1) the failure to properly pay a minimum wage and overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (2) the failure to pay a minimum wage, in violation of the

Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448, *et seq.*; and (3) retaliatory discharge in violation of Fla. Stat. § 440.205. Doc. No. 2 ¶¶ 12–59. On February 13, 2015, Blue Bell and Black removed the complaint to federal court. Doc. No. 1. No other individuals have filed consents to join this case as Plaintiffs.

On July 16, 2015, the parties filed a joint motion seeking approval of the agreement settling Mejia's FLSA and FMWA claims. Doc. No. 25. On July 29, 2015, I denied the motion without prejudice, noting deficiencies that should be corrected in any renewed motion. Doc. No. 26. The parties subsequently filed a stipulation dismissing Mejia's claim under Fla. Stat. § 440.205 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[1] Doc. No. 27.

On August 17, 2015, the parties filed their renewed motion for settlement approval, accompanied by a corrected settlement agreement. Doc. No. 28. They request that the Court (1) find that their agreement is a fair and reasonable resolution of a bona fide dispute and (2) dismiss the FLSA and FMWA claims with prejudice. *Id.* at 2–3. The renewed motion was referred to me by the presiding District Judge for issuance of this Report and Recommendation, and it is now ripe for review.

**II.  ANALYSIS.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing

---

[1] The parties entered into the stipulation pursuant to a non-disparagement agreement and general release of claims that they stated was negotiated separately and apart from the settlement of the FLSA and FMWA claims. Doc. No. 25, at 5–6; *see also* Doc. No. 25-2. The parties do not seek approval of that separate agreement. Doc. No. 28, at 7 n.1.

the settlement for fairness." Under *Lynn's Food*, a court may only enter a judgment approving a settlement after it determines that the judgment is stipulated, *see Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013), and that the settlement is fair and reasonable, *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

  A.  *Terms of the Settlement Agreement.*

Blue Bell and Black agree to pay a total of $3,500.00 to Mejia and his attorney. Doc. No. 28, at 11 ¶ 2. One check in the amount of $721.00 will be made payable to Mejia in settlement of his claims for unpaid wages, overtime or other compensation, remuneration or entitlements less applicable withholdings and deductions. *Id.* at 11 ¶ 2(a). A second check will be made payable to Mejia in the amount of $721.00 for liquidated damages. *Id.* at 11 ¶ 2(b). A final sum of $2,058.00 will be paid to Mejia's counsel for attorneys' fees and costs. *Id.* at 11 ¶ 2(c).

In return, Mejia agrees to release any claims he has under the FLSA; Article X, Section 24 of the Florida Constitution; Florida Statutes Chapter 448; and any other federal, state, or local law, statute, ordinance, or provision addressing wages, hours of work, or related claims for attorneys' fees or costs. *Id.* at 12 ¶ 6.

  B.  *Whether the Settlement Agreement Is a Compromise.*

In his answers to the Court's interrogatories, Mejia averred that he was entitled to $59,532.00 in unliquidated damages. Doc. No. 17, at 3. He also claimed in his complaint an equal amount in liquidated damages. Doc. No. 2, at 5, 8; *see generally* 29 U.S.C. § 216(b). Mejia has agreed to settle his claims for payments to him of $1,442.00 less withholdings and deductions as to a portion of that payment. Doc. No. 28, at 11 ¶ 2. Because the settlement agreement will provide Mejia less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

### C. *Whether the Settlement Is a Fair and Reasonable Resolution of a Bona Fide Dispute.*

Because Mejia has compromised his claims, the Court must evaluate whether the compromise is a fair and reasonable resolution of a bona fide dispute.

Defendants maintain that (1) Mejia was solely employed by Blue Bell during the relevant times; (2) Mejia was appropriately paid and fully compensated for all time worked while employed by Blue Bell; and (3) Mejia has been properly reimbursed and compensated for all amounts to which he is legally entitled from Blue Bell or Black. Doc. No. 28, at 3. In discussions and negotiations between counsel following the filing of Mejia's answers to the Court's interrogatories, it became evident that Mejia's calculations and damages estimates were inaccurate. *Id.* at 4. Defendants showed in those discussions, through pay records, that a number of assumptions underlying Mejia's damage calculations were incorrect. *Id.* After discussions and review of pay records, the parties narrowed the issues in dispute. *Id.* at 5. These facts adequately explain the reasons for the compromise.

There are no provisions in the settlement agreement that raise concerns about the fairness of the compromise, including the allowance for attorneys' fees. When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[2]  "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). If the parties do not agree to the attorneys' fees

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

"separately and without regard to the amount paid to the plaintiff," however, the court should determine the reasonable fee using the lodestar approach. *Id.* Here, the parties have submitted a sworn declaration of Brody M. Shulman, Esq., who is counsel of record for Mejia. Doc. No. 28, at 17–18. He states that "the amount of attorneys' fees sought did not influence, compromise the negotiations, or otherwise influence the amount paid to, or accepted[] by Plaintiff in reaching the compromise." *Id.* at 18 ¶ 6. Based on this representation, there is no reason to believe that the amount Mejia agreed to accept was adversely affected by the amount of fees paid to his attorney. *Bonetti*, 715 F. Supp. 2d at 1228.

For these reasons, I recommend that the Court find that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

**III.   RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** the Renewed Joint Motion to Review and Approve the Parties' Proposed Settlement and Thereafter Enter Dismissal with Prejudice (Doc. No. 28);

2. **FIND** that the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **PROHIBIT** counsel from withholding, pursuant to a contingent fee arrangement or otherwise, any portion of the $1,442.00 (less withholdings and deductions) payable to Mejia under the settlement agreement;

4. **ORDER** counsel for Mejia to provide a copy of the Court's Order on this Report and Recommendation to Mejia;

5. **DISMISS** the case with prejudice; and

      6.    **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on August 24, 2015.

                                              *Karla R. Spaulding*
                                              KARLA R. SPAULDING
                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy